IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOQUISHA BEARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4669-K-BN |
| | § | |
| BRIAN YAMANE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

This is a civil action brought by Moquisha Beard, appearing *pro se*, against her employer, Executive Security Systems, and three of its employees. On November 25, 2013, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 1 & 2. Because the information that Plaintiff provided in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 5. The undersigned magistrate judge served written interrogatories on Plaintiff in order to obtain additional information the factual

basis of her suit. *See* Dkt. No. 6. Plaintiff answered the interrogatories on December 27, 2013. *See* Dkt. No. 9.

In her complaint and interrogatory responses, Plaintiff alleges that she was harassed and discriminated against on the basis of race and gender and retaliated against for reporting the objectionable conduct. *See* Dkt. No. 1 at 1-3; Dkt. No. 9 at Question 1. By this lawsuit, she seeks $950,000 in compensatory and punitive damages. *See* Dkt. No. 1 at 3.

The undersigned concludes that Plaintiff has failed to fully exhaust administrative remedies and that this case should be summarily dismissed without prejudice under 28 U.S.C. § 1915(e)(2).

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i)   is frivolous or malicious;

(ii)  fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

Before bringing a claim under Title VII, a plaintiff must first file a charge with the Equal Employment Opportunity Commission ("EEOC"). If that charge is denied by the EEOC, the EEOC issues a right-to-sue letter, after which plaintiff has 90 days to file a Title VII action. *See Price v. Choctaw Glove & Safety Co.,* 459 F.3d 595, 598 (5th Cir. 2006). A plaintiff must exhaust the administrative process and receive her statutory notice of right-to-sue before filing a civil action in federal court. *See Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378-79 (5th Cir. 2002). Failure to file a charge

with the EEOC and exhaust administrative remedies before filing a Title VII action will result in dismissal. *See Dao v. Auchan Hypermarket,* 96 F.3d 787, 788-89 (5th Cir. 1996).

## Analysis

Plaintiff complains that she was harassed and discriminated against on the basis of race and sex and retaliated against when she reported this conduct to a supervisor. She contends that she filed a charge of discrimination with the EEOC in September 2013. *See* Dkt. No. 9 at Questions 9 & 10. However, Plaintiff acknowledges that she has not received a notice of right to sue from the EEOC. *See id.* at Question 11. Because she has not received a notice of right to sue, she has failed to fully exhaust administrative remedies. *See Taylor*, 296 F.3d at 379 (exhaustion under Title VII, ADA, and Rehabilitation Act require receipt of notice of right-to-sue); *see also Asongwe v. Washington Mut. Card Servs.*, No. 3:09-cv-668-G-BH, 2009 WL 2337558, at *4 n.2 (N.D. Tex. July 29, 2009) (same); *accord Richardson v. Aetna Ins. Irving, Tex.*, No. 3:07-cv-1611-G-BF, 2008 WL 55126, at *2 (N.D. Tex. Jan. 3, 2008) (summarily dismissing *pro se* complaint for failure to exhaust administrative remedies).

Accordingly, Plaintiff's complaint should be summarily dismissed without prejudice.

## Recommendation

Plaintiff's complaint should be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 30, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE